UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2022 NOV 17  PM 3:43

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-mc-84 |
| | ) |
| KAREN BRISSON, | ) |
| | ) |
| Defendant, | ) Related to Case No. 5:13-cr-34 |
| | ) |
| VERMONT MUNICIPAL EMPLOYEES' | ) |
| RETIREMENT SYSTEM, | ) |
| | ) |
| Garnishee. | ) |

**ENTRY ORDER**
**GRANTING IN PART THE GOVERNMENT'S APPLICATION**
**FOR A WRIT OF CONTINUING GARNISHMENT AND**
**ORDERING SUPPLEMENTAL BRIEFING**

On June 24, 2022, the government filed an application for a writ of continuing

garnishment pursuant to the Federal Debt Collection Procedures Act (the "FDCPA"), 28

U.S.C. § 3205(b)(1), on the basis that the restitution judgment entered against self-

represented Defendant Karen Brisson is a debt as defined in the FDCPA. 28 U.S.C.

§ 3205(b)(1). The government seeks garnishment of Defendant's pension fund held by

Garnishee Vermont Municipal Employees' Retirement System (the "VMERS pension

fund") in the approximate amount of $15,592.41 as of June 30, 2022. The application was

served on Defendant and the Garnishee.

The government is represented by Assistant United States Attorney Jocelyn L.

Koch. VMERS is represented by Assistant Attorney General Justin St. James.

**I.    Procedural History.**

On July 18, 2013, after Defendant entered a guilty plea to one count of

embezzlement in violation of 18 U.S.C. § 666(a)(1)(A) in her underlying criminal case,

the court entered a restitution judgment against her in the amount of $431,812.06. In connection with sentencing, Defendant was required to disclose all of her assets and liabilities. She acknowledges she failed to disclose her VMERS pension fund and asserts that this was based on advice of her counsel. On April 1, 2019, the government discovered Defendant had filed a voluntary petition for Chapter 7 bankruptcy in which she included the VMERS pension fund on a Schedule A/B form. The government contends that it did not receive notice of the bankruptcy case until after the case was closed because Defendant did not disclose the restitution order on her Schedules and Statement of Financial Affairs forms.

On June 30, 2022, the Clerk of Court issued a notice of garnishment (the "Notice") notifying Defendant that, after deducting all credits and payments made, she owed a remaining balance of $428,586.99. The Notice also informed Defendant of exemptions that may protect some of her property from being taken by the government and of her right to request a hearing within twenty days of receipt of the Notice.

On July 20, 2022, the Garnishee filed an Answer which indicated Defendant has a vested interest in her VMERS pension fund with accumulated contributions plus interest. Defendant is not currently receiving a pension benefit and has not requested one. She asserts that she is without an ability to support herself as she approaches retirement age. On November 16, 2022, she filed a response to the government's application for a writ of continuing garnishment as follows: "My previous attorney Devin McLaughlin of Langrock Sperry and Wool informed me that this State retirement was exempt from garnishment, therefore that is my position. I am not qualified to support this position with case law so I support and adopt the answer of the garnishee[.]" (Doc. 10 at 1.)

## II.    Legal Analysis and Conclusions.

The Garnishee objects to the government's application for a writ of continuing garnishment and argues that "it lacks the power to unilaterally release Defendant's membership interest in VMERS to the Plaintiff in this action absent Defendant's consent or an order from this [c]ourt[]" based on "Vermont's anti-alienation statute and its clear language regarding VMERS, the lack of state preemption found in [the Mandatory

2

Victims Restitution Act (the 'MVRA')], and the inapplicability of [the Employee
Retirement Income Security Act ('ERISA')] to VMERS in the present case[.]" (Doc. 6 at
3-4.) The government responds that federal law preempts Vermont law in the
enforcement of federal criminal restitution judgments.

## A.    Whether the MVRA and FDCPA Preempt Vermont Law.

Under the Supremacy Clause, a state law may be preempted by federal law in
three ways: express preemption, field preemption, and conflict preemption. *See
Hillsborough Cnty., Fla. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985). In
deciding whether there is preemption, the court is "guided by the rule that '[t]he purpose
of Congress is the ultimate touchstone in every pre-emption case.'" *Altria Grp., Inc. v.
Good*, 555 U.S. 70, 76 (2008) (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485
(1996)). "In areas of traditional state regulation, [the court] assume[s] that a federal
statute has not supplanted state law unless Congress has made such an intention clear and
manifest." *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 449 (2005) (internal quotation
marks omitted).

Vermont's anti-alienation statute governing the VMERS pension fund states:

> That portion of the salary or wages of a member deducted or to be deducted
> under this chapter, the right of a member to an annuity, pension, or
> retirement allowance hereunder, and all the member's rights in the assets of
> the Retirement System, shall be exempt from taxation, except income tax,
> and from the operation of any laws relating to bankruptcy or insolvency,
> and shall not be attached *or taken upon execution or other process of any
> court*. No assignment by a member of any part of the assets to which the
> member is or may be entitled, or of any right to or interest in those assets,
> shall be valid, except to the extent permitted by this chapter.

24 V.S.A. § 5066 (emphasis supplied).

The MVRA "is one of several federal statutes that govern federal court orders
requiring defendants convicted of certain crimes to pay their victims restitution." *Lagos v.
United States*, 138 S. Ct. 1684, 1687 (2018). Section 3613(a) governs the procedures for
collecting unpaid restitution:

> The United States may enforce a judgment imposing a fine in
> accordance with the practices and procedures for the enforcement of a civil

3

judgment under Federal law or State law. Notwithstanding any other
Federal law (including section 207 of the Social Security Act), a judgment
imposing a fine may be enforced against all property or rights to property
of the person fined, except that—

   (1) property exempt from levy for taxes pursuant to [certain
enumerated sections] of the Internal Revenue Code of 1986 shall be exempt
from enforcement of the judgment under Federal law;

   (2) [Federal Debt Collection Procedures Act procedures for
exempting certain property] shall not apply to enforcement under Federal
law; and

   (3) the provisions of section 303 of the Consumer Credit Protection
Act (15 U.S.C. [§] 1673) shall apply to enforcement of the judgment under
Federal law or State law.

18 U.S.C. § 3613(a).

   The MVRA authorizes the government to enforce restitution orders arising from
criminal convictions "using the practices and procedures for the enforcement of a civil
judgment under federal or state law" under the FDCPA. *United States v. Cohan*, 798 F.3d
84, 89 (2d Cir. 2015). Section 3205 of the FDCPA, in turn, provides that "[a] court may
issue a writ of garnishment against property . . . in which the debtor has a substantial
nonexempt interest and which is in the possession, custody, or control of a person other
than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a);
*see also Cohan*, 798 F.3d at 89. The FDCPA further states that it "shall preempt State law
to the extent such law is inconsistent with a provision of this chapter." 28 U.S.C.
§ 3003(d).

   The MVRA and FDCPA must be read together to authorize the government to
utilize its enforcement power to "aggressively" garnish a defendant's pension fund
benefits. *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002); 18 U.S.C.
§ 3612(c). Federal statutes, such as the MVRA and FDCPA, preempt conflicting state
laws, including Vermont's anti-alienation statute.[1]

---

[1] Other courts have reached this same conclusion. *See, e.g.*, *U.S. Small Bus. Admin. v. Bensal*,
853 F.3d 992, 1003-04 (9th Cir. 2017) (holding "the [plaintiff] is allowed to reach [the
defendant's] trust share because the FDCPA displaces California's disclaimer law"); *United
States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002) ("The FDCPA provides the most effective

4

## B.    Whether ERISA Applies to the VMERS Pension Fund.

ERISA "broadly protects covered retirement benefits from dissipation through payment to third parties," *United States v. Novak*, 476 F.3d 1041, 1045 (9th Cir. 2007), by employing an "anti-alienation" provision which requires pension plans to provide that their benefits "may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). The Second Circuit recently held "[t]he MVRA expressly states that criminal restitution orders may be enforced against *all* property or rights to property, making quite clear that absent an express exemption, all of a defendant's assets are subject to a restitution order." *United States v. Shkreli*, 47 F.4th 65, 71 (2d Cir. 2022) (quoting *United States v. Frank*, 8 F.4th 320, 327 (4th Cir. 2021) (internal quotation marks and citations omitted)); *see also United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006). Other Courts of Appeals have likewise held that the MVRA permits the garnishment of funds otherwise covered by ERISA's anti-alienation provision. *See Frank*, 8 F.4th at 325-26; *Novak*, 476 F.3d at 1045.

In addition, § 3613(a) instructs that all property is covered "[n]otwithstanding any other Federal law." *Frank*, 8 F.4th at 327. The Supreme Court has indicated that "the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section." *Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993). As a result, "Congress's directive providing for enforcement against 'all property or rights to property,' 18 U.S.C.

---

means for the Government to enforce private victim restitution orders because it provides a uniform system for prosecutors to follow rather than resorting to the non-uniform procedures provided by the states. It is absurd to suggest that while the Government drafted the MVRA to make it easier for private victims to collect restitution, that it did not also provide the simplest and most uniform means for the attorney general to collect that restitution. Our review of the statutory language and legislative history persuades us beyond peradventure, therefore, that Congress drafted the MVRA with the intent that it would allow prosecutors to utilize the FDCPA to collect restitution in favor of private victims."); *United States v. Wilson*, 2007 WL 4557774, at *1 n.2 (S.D. Ga. Dec. 20, 2007) ("To the extent that state law . . . conflicts with federal law authorizing the garnishment of Defendant's pension benefits, it is preempted."); *United States v. McClanahan*, 2006 WL 1455698, at *4 (S.D. W. Va. May 24, 2006) ("Although West Virginia prohibits the garnishment of state pensions, federal law expressly preempts state exemptions when the federal government is attempting to collect a fine or restitution.").

5

§ 3613(a), notwithstanding any other federal law, makes clear that ERISA's anti-alienation provision does not prohibit garnishment of funds in 401(k) accounts to satisfy restitution orders under the MVRA." *Shkreli*, 47 F.4th at 72; *United States v. DeCay*, 620 F.3d 534, 540 (5th Cir. 2010).

Because § 3613(a) provides for enforcement against "all property or rights to property," the MVRA authorizes the government to garnish Defendant's VMERS pension fund benefits without obtaining her or the State of Vermont's consent, notwithstanding ERISA's anti-alienation provision.

### C.    Whether the VMERS Pension Fund is Exempt from Garnishment.

The MVRA lists exceptions to the government's authority to garnish a defendant's property to satisfy a restitution order, but a state-administered pension plan is not one of the enumerated exceptions. *See* 18 U.S.C. § 3613(a). Defendant's contention to the contrary is thus based on incorrect legal advice.

### D.    Whether the Amount of Funds Subject to Garnishment is Limited.

The Garnishee concedes that Defendant has a vested interest in her VMERS pension fund in the amount of $15,592.41 as of June 30, 2022, that she is not currently receiving a benefit, and that she has not requested one. Although the government is correct that it may "step into [Defendant's] shoes and exercise whatever rights she has to her VMERS pension account, including election of early distribution[,]" (Doc. 8 at 4), the government has not briefed the issue of potential early withdraw penalties or other taxes to which Defendant may be subjected. The Second Circuit has cautioned that "the district court should determine whether the [g]overnment's garnishment would trigger . . . [an] early withdrawal tax, and, if so, the amount subject to garnishment by the [g]overnment." *Shkreli*, 47 F.4th at 76.

### CONCLUSION

The government's application for a writ of continuing garnishment is GRANTED IN PART. The parties are ORDERED to file supplemental briefing to determine the extent to which Defendant has the right to withdraw a lump-sum distribution from her VMERS pension account without penalty or taxes within twenty (20) days of the date of

6

this Entry Order.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this ___17th___ day of November, 2022.

Christina Reiss, District Judge
United States District Court